Appeal of **J. VICTOR BARON.**                    Docket No. 26.

The Board has no jurisdiction of an appeal based upon the denial by the Commissioner of a claim for refund of taxes paid prior to the passage of the Revenue Act of 1924.

The Board has no jurisdiction of an appeal based upon the denial by the Commissioner of a claim for credit of taxes paid prior to the passage of the Revenue Act of 1924, where there has been no determination that any assessment should be made.

The provisions of section 279(b) of the Revenue Act of 1924, conferring upon the Board jurisdiction of appeals from decisions of the Commissioner upon claims for abatement filed under section 279(a) of said Act, have no application to claims for abatement which do not involve jeopardy assessments as defined in section 274(d) of the Revenue Act of 1924.

Where a taxpayer files a return under the Revenue Act of 1921 in which he admits an amount of tax to be due, and a claim for credit against said tax of taxes paid in prior years is denied by the Commissioner, the Board has no jurisdiction of an appeal based upon the denial by the Commissioner of a claim for abatement of the tax thus admitted to be due, as there has been no determination by the Commissioner since the enactment of the Revenue Act of 1924 that any assessment should be made.

Submitted September 29, 1924; decided October 16, 1924.

*Delos M. Cosgrove, Esq.*, for the taxpayer.

*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE

MARQUETTE: The Commissioner has moved to dismiss the petition herein upon the ground that the Board is without jurisdiction to entertain the appeal.

It appears that the petitioner filed returns and paid a tax for the year 1920 of $3,782.26, and for the year 1921 of $953.50. On or about March 13, 1923, he filed a return for the year 1922 and reported a tax due of $2,447.31. At the time of filing his return for the year 1922, he filed amended returns for the years 1920 and 1921, and a claim for refund and credit of $3,826.36 of the taxes paid for the years 1920 and 1921. In his claims he requested that $2,447.31 of the amount claimed be credited against the tax due for the year 1922, and that the balance of $1,379.05 be refunded to him. The petition states that by letter mailed July 21, 1924, the Commissioner notified the petitioner of his decision, and he has appealed, setting up as error the denial of the claims for refund and for credit.

A hearing was had on the motion to dismiss on September 15, 1924, at which both parties appeared by counsel, and at the conclusion thereof 15 days was granted within which to file briefs. The petitioner in his brief has alleged additional facts not relied upon in the petition to sustain the jurisdiction of the Board. He now states that on April 8, 1924, a bill for the tax as shown by the return for the year 1922 of $2,447.31, and $104.03 interest, was received by the petitioner upon Form 1–17A; that on April 15, 1924, a claim for abatement of said tax was filed; and that on July 21, 1924, the claim for abatement was denied by the Commissioner.

In view of the additional facts disclosed, it would appear that the appeal should have been taken from the denial of the claim for abatement rather than from the denial of the claims for refund and credit; but in the present state of the record we deem it advisable to consider the appeal as though it had been properly taken from the denial of the claims for refund, credit, and abatement, and the

motion of the Commissioner to dismiss is broad enough to include the latter claim.

We have heretofore held, in *Appeal of Everett Knitting Works*, 1 B. T. A., 5, that the Board has no jurisdiction of an appeal involving only the refund to a taxpayer of a tax paid prior to the passage of the Revenue Act of 1924. The facts in this case, with respect to the claim for refund, bring it squarely within the rule there laid down, and on this point the motion to dismiss is well taken.

The next question is whether the Board has jurisdiction of an appeal based upon the denial by the Commissioner of a claim for credit. Fundamentally, there is no difference between a claim for refund and a claim for credit; both are based upon the allegation that an amount of tax has been paid in excess of that legally due. The variation arises from the disposition or application of any excess payments found to have been made. In the one case they are returned to the taxpayer and in the other they are applied toward the payment of taxes admitted or found to be due. The reasons underlying the decision in *Appeal of Everett Knitting Works*, supra, are equally applicable here, and we think the Board is without jurisdiction to entertain an appeal based upon the denial by the Commissioner of a claim for credit of taxes paid prior to the passage of the Revenue Act of 1924 where there has been no determination after its enactment that any assessment should be made.

There remains the question whether the denial of the claim for abatement will sustain the jurisdiction of the Board. The petitioner in his brief relies upon section 279 (a) and (b) of the Revenue Act of 1924 as conferring such jurisdiction. The pertinent parts of the above section are as follows:

SEC. 279. (a) If a deficiency has been assessed under subdivision (d) of section 274, the taxpayer, within 10 days after notice and demand from the collector for the payment thereof, may file with the collector a claim for abatement of such deficiency, or any part thereof, or of any interest or additional amounts assessed in connection therewith, or of any part of any such interest or additional amounts. * * *

(b) If a claim is filed as provided in subdivision (a) of this section the collector shall transmit the claim immediately to the Commissioner, who shall by registered mail notify the taxpayer of his decision on the claim. The taxpayer may within 60 days after such notice is mailed file an appeal with the Board of Tax Appeals. * * *

Subdivision (d) of section 274, referred to in section 279(a), provides:

SEC. 274. (d) If the Commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay such deficiency shall be assessed immediately and notice and demand shall be made by the collector for the payment thereof. * * *

It is apparent from section 279(b) that jurisdiction of appeals from the decisions of the Commissioner involving claims for abatement filed under section 279(a) has been conferred upon the Board. It is likewise apparent that under the facts herein no case is presented involving a so-called jeopardy assessment within the meaning of the above-quoted provisions of the 1924 Act, and no question as to the jurisdiction of the Board under such circumstances is before us for decision. It is not necessary, therefore, to determine what the

jurisdiction of the Board is with respect to claims for abatement filed against such assessments. For the purposes of this case it will suffice to say that the provisions relied upon have no application to claims for abatement which do not involve jeopardy assessments as defined in section 274(d) of the Revenue Act of 1924.

The disclosed facts show that petitioner filed a return for the year 1922 wherein he admitted a tax of $2,447.31, which the collector sought to collect by the usual notice and demand, to which the taxpayer filed a claim for abatement prior to the passage of the Revenue Act of 1924. Assuming, without deciding, that the filing of a claim for abatement was proper in the circumstances, in view of the fact that there was no deficiency or any determination by the Commissioner that an assessment should be made, we do not see how the Board can assume jurisdiction of the appeal herein. By section 280 of the Revenue Act of 1924, the jurisdiction of the Board in respect of any income, war-profits, or excess-profits taxes under the designated prior revenue Acts depends upon a determination by the Commissioner after the enactment thereof that any assessment should be made, and such a case does not arise out of the denial by the Commissioner of the claim for abatement herein.

We are of the opinion that the Board has no jurisdiction to entertain the appeal on any of the grounds set forth.

The motion of the Commissioner is therefore sustained and the appeal is dismissed.